IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-03668-RM-STV

CITIZENS FOR CONSTITUTIONAL INTEGRITY; and
SOUTHWEST ADVOCATES, INC.,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA;
THE OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT;
DEB HAALAND, in her official capacity as Secretary of the Department of the Interior;
GLENDA OWENS, in her official capacity as Acting Director of the Office of Surface Mining Reclamation and Enforcement; and
KATE MACGREGOR, in her official capacity as Acting Assistant Secretary for Land and Minerals Management,

    Defendants,

and

GCC ENERGY, LLC,

    Interested Party.

---

## ORDER
---

    This consolidated case is before the Court on Defendants' Motion to Dismiss (ECF No. 33), which has been fully briefed (ECF Nos. 40, 44, 51). The Court grants the Motion for the reasons below. In addition, Plaintiffs' Motion for Summary Judgment (ECF No. 26) is denied as moot, and Interested Party GCC Energy, LLC's Motion to Intervene (ECF No. 28) is denied without prejudice.

## I.  LEGAL STANDARD

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## II.  BACKGROUND

This case presents questions on the constitutionality of the Congressional Review Act ("CRA"), and the facts pertaining to its application in this case are not in dispute. Enacted as part of the Contract with America Advancement Act of 1996, the CRA "assists Congress in discharging its responsibilities for overseeing federal regulatory agencies" and was designed to provide "an expedited procedure to review and disapprove federal regulations." *Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 556 (9th Cir. 2019) ("*CBD*"). Pursuant to the CRA, before a new rule promulgated by a federal agency can take effect, the agency must submit to Congress a report containing a concise general statement about the rule. *See id.* Congress then has a period of time, typically sixty days, to object to the rule by passing a joint resolution of disapproval. *Id.* at 557. The CRA limits debate on a joint resolution to only ten hours and

allows it to be placed on the Senate calendar on an expedited schedule. *See id.*  This procedure bypasses the possibility of a filibuster in the Senate, which normally precludes enacting legislation unless it has the support of sixty Senators.  Once the President signs a joint resolution passed by a simple majority in the House and Senate, the agency's rule cannot take effect or continue, and the agency is proscribed from issuing a new rule that is substantially the same as the disapproved rule unless specifically authorized to do so by new legislation.  *See id.*

In December 2016, Defendant Office of Surface Mining Reclamation and Enforcement ("OSMRE") promulgated the stream protection rule, which modified various regulations pertaining to coal mining permits and monitoring of groundwater and surface water.  Two months later, the rule was invalidated when the House and Senate passed, and the President signed, a joint resolution disapproving it.  Fifty-four senators voted in favor of the joint resolution.

In 2018, the Department of the Interior approved a mining plan modification for GCC Energy, LLC's King II Mine.  In its assessment of the modification plan, the Department did not apply the invalidated stream protection rule.  Plaintiffs contend that had it done so, the modification, which injures their members, would not have been approved.  Prompted by the modification approval, Plaintiffs brought this lawsuit asserting that the CRA violates equal protection, substantive due process, and the separation of powers.

### III.   ANALYSIS

In assessing the constitutionality of the CRA, the Court begins with the presumption that it is valid.  *See INS v. Chadha*, 462 U.S. 919, 944 (1983).  The Court's role is not to consider the

wisdom or utility of the statute. *See id.* at 944-45.  Rather, the Court must determine whether "the demands of the Constitution" are satisfied.  *Id.* at 945.

The Constitution provides that each House of Congress "may determine the Rules of its Proceedings."  U.S. Const. art. I, § 5, cl. 2.  The Constitution also provides that no law can take effect unless the legislation passes both Houses and is presented to the President.  U.S. Const. art. I, § 7, cls. 2, 3.  Plaintiffs concede, as they must, that the CRA satisfies the bicameral and presentment requirements set forth in Article I, § 7.  (*See* ECF No. 40 at 5.)  They argue instead that the CRA violates the Fifth Amendment and separation-of-powers principles.

### A. Equal Protection

Plaintiffs first argue that the CRA violates the Equal Protection Clause because it creates two, unequal voting thresholds and thereby creates two classes of citizens: (1) citizens protected by statutes that delegate authority to agencies and (2) citizens protected by statutes directly.  (*Id.* at 11.)  According to Plaintiffs, "[t]he first category includes citizens facing problems for which Congress delegated statutory authorities to agencies," and "[t]he second category includes citizens who face less-complex issues that Congress can solve directly by statute without delegating to an agency."  (ECF No. 14 at 45-46.)  Plaintiffs further argue that such classification is not rationally related to a legitimate government interest.  Defendants argue that the procedures set forth in the CRA comply with the constitutional requirements for legislative action and do not violate equal protection principles.  The Court agrees with Defendants.

First, the Court rejects Plaintiffs' framing of the issue insofar as they presuppose citizens may reasonably be placed into the proffered categories and that such categories may be clearly delineated.  On some level, all citizens may be considered "protected" by both types of statute.

4

The CRA certainly makes no mention of these categories, and the Court finds there is no principled basis for such categorization. The CRA simply allows the Senate to operate differently in different scenarios—when federal agencies propose new rules and when its own members propose new laws. But in either event, no legislation passes without a simple majority in each House and presentment to the President as required by the Constitution. The Court discerns no equal protection problem in such an arrangement.

Second, even assuming the citizenry could be categorized along the lines Plaintiffs suggest, the Court finds it is not irrational for Congress to exercise control over the agencies Congress itself created in the manner contemplated by the CRA. Congress has merely legislated a way to have the final say with respect to when new rules—promulgated by the agencies to which Congress itself delegated authority to act in the first place—will become law. The fact that Congress and the President used the CRA's procedure to invalidate a rule that Plaintiffs happen to favor does not render the procedure itself irrational.

### B.     Substantive Due Process

Plaintiffs also argue that the CRA violates the Substantive Due Process Clause because adopting a different voting threshold to repeal agency rules from the higher threshold normally required to enact legislation advances no legitimate or compelling government objective. However, the Court finds it is not unreasonable for Congress to exercise oversight of federal agencies by means of the CRA.

### C.     Separation of Powers

Finally, Plaintiffs argue that the CRA violates the separation of powers because Congress can rescind delegations of authority to federal agencies more easily than they can redelegate such

authority, thereby eroding the authority of the Executive Branch.  Again, the Court is not persuaded by Plaintiffs' framing of the issue.  Federal agencies' authority originates from Congress; it follows that Congress may proscribe that authority.  *See CBD*, 946 F.3d at 562 ("When Congress enacts legislation that directs an agency to issue a particular rule, Congress has amended the law." (quotation omitted)).  Plaintiffs have not identified, and the Court is not aware of, any legal authority for the proposition that a validly enacted joint resolution disapproving of an agency rule violates separation-of-powers principles.

### IV.   CONCLUSION

Accordingly, Defendants' Motion to Dismiss (ECF No. 33) is GRANTED, Plaintiffs' Motion for Summary Judgment (ECF No. 26) is DENIED AS MOOT, and Interested Party GCC Energy, LLC's Motion to Intervene is DENIED WITHOUT PREJUDICE.  Pursuant to this Court's May 4, 2021 Order (ECF No. 50), Defendants in Civil Action No. 21-cv-00923-RM shall Answer or otherwise respond to the Complaint in that case on or before September 13, 2021.

DATED this 30th day of August, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge