IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:21-cv-00923-RM

CITIZENS FOR CONSTITUTIONAL INTEGRITY, and
SOUTHWEST ADVOCATES, INC.;

    Plaintiffs,

        v.

THE UNITED STATES OF AMERICA, *et al.*;

    Defendants.

**DEFENDANTS' MOTION TO DISMISS PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

The above-captioned matter is one of two cases filed in this Court by Plaintiffs Citizens for Constitutional Integrity and Southwest Advocates, Inc. against the United States of America and various federal government entities. Both cases nominally purport to challenge different agency actions, but each ultimately "hinges exclusively on the question of whether the Congressional Review Act violates the Constitution." Joint Case Management Plan, No. 1:20-cv-3668-RM-STV, ECF No. 18 (joint statement of all parties). Accordingly, as all parties previously recognized, because "both cases present identical legal questions, . . . the resolution of the . . . motions in the [first-filed] case would therefore likely govern any decision in the new consolidated case." Joint Mot. for a Case Management Order for Consolidated Case, No. 1:20-cv-3668-RM-STV, ECF No. 49. For the same reasons, the parties also expected that "no further briefing [was] likely to be necessary" in this second-filed case after the Court resolved the first-filed case. *Id.*

In the first-filed case, No. 1:20-cv-3668-RM-STV, on August 30, 2021, this Court issued a written order granting Defendants' motion to dismiss in its entirety, rejecting all of Plaintiffs' claims, and holding that the Congressional Review Act is constitutional. *See generally* Order,

No. 1:20-cv-3668-RM-STV, ECF No. 52; *accord Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 562 (9th Cir. 2019). In that order, the Court rejected Plaintiffs' claims that the Congressional Review Act "violates equal protection, substantive due process, and the separation of powers." Order at 3; *see also id.* at 4 ("Defendants argue that the procedures set forth in the CRA comply with the constitutional requirements for legislative action and do not violate equal protection principles. The Court agrees with Defendants."); *id.* at 5 ("Plaintiffs also argue that the CRA violates the Substantive Due Process Clause . . . . However, the Court finds it is not unreasonable for Congress to exercise oversight of federal agencies by means of the CRA."); *id.* at 6 ("Plaintiffs have not identified, and the Court is not aware of, any legal authority for the proposition that a validly enacted joint resolution disapproving of an agency rule violates separation-of-powers principles.").

Because all of Plaintiffs' claims in the above-captioned matter rely on identical legal theories to those that have now been rejected by this Court, the prior opinion is controlling here (as all parties expected it to be), and now confirms that all of Plaintiffs' claims in the above-captioned matter should be dismissed for the same reasons. No further briefing is necessary in this case, which is indistinguishable from the first-filed (and now-dismissed) case in all material respects.

Indeed, for similar reasons, the Court's prior conclusions are binding against Plaintiffs under settled principles of preclusion. *See, e.g., Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) ("Collateral estoppel bars the successive litigation of any issue of law or fact once it has been determined by a valid and final judgment."); *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) ("The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment."). But, ultimately, because "both cases present identical legal questions," Joint Mot. for a Case Management Order for Consolidated Case, No. 1:20-cv-3668-RM-STV, ECF No. 49, and the Court has already addressed those questions in a written opinion, the Court need not rest on preclusion doctrine in order to grant this motion to dismiss for the reasons set forth in the Court's recent opinion.

Accordingly, the Court should now grant this motion and dismiss this second-filed case for the reasons set forth in its August 30, 2021 Order.

Dated: September 1, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC WOMACK
Assistant Branch Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI
CHRISTOPHER HEALY
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*